**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:20-cv-00141-KDB**
**(5:19-cr-00033-KDB-DCK-1)**

| | | |
|---|---|---|
| ANTONIO CARNELL WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Amended Motion to Vacate, Set Aside

or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 3],[1] the Government's Motion to Dismiss

[CV Doc. 6], and Petitioner's Motion to Amend [CV Doc. 9].

## I.    BACKGROUND

On April 17, 2019, Petitioner Antonio Carnell White ("Petitioner") was charged in a Bill

of Indictment with one count of being a felon-in-possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1) (Count One); one count of possession with intent to distribute cocaine in violation of

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two); and one count of possession of a firearm

in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three).

[CR Doc. 1: Bill of Indictment].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:20-cv-00141-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:19-cr-00033-KDB-DCK-1.

On June 13, 2019, the parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Count One and the Government agreed to dismiss Counts Two and Three. [CR Doc. 10 at ¶¶ 1-2: Plea Agreement]. In the plea agreement, Petitioner stipulated to the factual basis that was filed with his plea agreement and agreed that it could be used by the Court and the U.S. Probation Office "without objection by the defendant for any purpose, including to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a)." [Id. at ¶ 11]. The factual basis provided, in pertinent part, as follows:

> 1. On August 2, 2018, in Catawba County in the Western District of North Carolina, [Petitioner] knowingly and intentionally possessed a Smith & Wesson Bodyguard .380 semi-automatic pistol bearing serial number KBH5163 and a BRNO Model 52 7.62 caliber semi-automatic pistol bearing serial number E17228 ("FIREARMS").
>
> 2. In total, [Petitioner] possessed more than eight, but less than twenty-four, firearms on August 2, 2018.
>
> 3. The FIREARMS were manufactured outside the State of North Carolina and both traveled in or affected interstate or foreign commerce before being seized from [Petitioner] by law enforcement on August 2, 2018.
>
> 4. On August 2, 2018, [Petitioner] was prohibited by federal law from possessing any firearms. [Petitioner] was previously convicted of a felony criminal offense punishable by imprisonment for a term exceeding one year.
>
> 5. On August 2, 2018, [Petitioner] possessed the FIREARMS in connection with a felony controlled substance offense.

[CR Doc. 11 at 1-2: Factual Basis].

The Magistrate Judge conducted Petitioner's Rule 11 hearing on June 20, 2019. [See CR Doc. 13: Acceptance and Entry of Guilty Plea]. At that time, Petitioner testified under oath that he was guilty of the charges to which he was pleading guilty, that he understood and agreed to be

bound by the terms of his plea agreement, and that he had read, understood, and agreed with the factual basis.    [Id. at ¶¶ 24, 26, 30-31].  Petitioner also testified that he understood the rights he was waiving by pleading guilty, including his right to appeal and to challenge his conviction or sentence in post-conviction proceedings.  [See id. at ¶¶ 27-28].  The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made.  [Id. at p. 4].

On June 21, 2019, the day after Petitioner's guilty plea was accepted, the United States Supreme Court decided Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

Prior to Petitioner's sentencing, a probation officer prepared a PSR.  [CR Doc. 18].  The probation officer recommended a Total Offense Level (TOL) of 31 and a criminal history category of VI, which yielded a guidelines range of 188 to 235 months' imprisonment.  [Id. at ¶¶ 36, 59, 94].  The statutory maximum sentence under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) was, however, 10 years. [Id. at ¶ 93].  Because the statutorily authorized maximum sentence was less than the applicable guidelines range, the guideline term of imprisonment was 120 months.  [Id. at ¶ 94 (citing U.S.S.G. §5G1.1(a)].  Petitioner's criminal history was substantial, including several felonies.  [See id. at ¶¶ 39-57; see also id. at ¶¶ 62-76].  On February 14, 2018, not six months before the instant charges, Petitioner was charged in Watauga County, North Carolina, with, among other things, being a habitual felon.[2]  [Id. at ¶ 56].  Petitioner admitted his status as a

---

[2] The North Carolina habitual felon statute provides, in part: "The district attorney, in his or her discretion, may charge a person as an habitual felon pursuant to this Article. An indictment which charges a person who is an habitual felon within the meaning of G.S. 14-7.1 with the commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony. An indictment which charges a person with

habitual felon in the State of North Carolina relative to this charge. [Id.]. The PSR also noted

that, "[a]bsent the Plea Agreement, the [Petitioner] may have been found guilty of, or pled guilty

to, Count Three which would have subjected the [Petitioner] to a minimum consecutive term of

imprisonment of at least 5 years." [Id. at ¶ 95].

On October 4, 2019, before sentencing, the parties filed a Joint Notice of Waiver and

Stipulation (the "Waiver") regarding Rehaif "in anticipation of" and "to facilitate the sentencing"

in this matter. [CR Doc. 20 at 1-2: Joint Notice of Waiver and Stipulation]. Therein, the parties

noted that "[Petitioner] has discussed the Rehaif decision with his attorney and elects to stand by

the guilty plea he previously entered and proceed to sentencing in this matter." [Id. at 1]. The

parties, therefore, stipulated as follows:

> 1.     The [Petitioner] admits that, at the time he committed the section 922(g) offense(s) to which he has pleaded guilty in this case, he knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant admits that he is in fact guilty of the section 922(g) offense(s) to which he pleaded guilty.
>
> 2.     The [Petitioner] agrees that he entered his guilty plea to his section 922(g) offense(s) knowingly, intelligently, and voluntarily.
>
> 3.     The [Petitioner is aware that he may move to withdraw his plea for any fair and just reason before the district court imposes sentence. The [Petitioner] agrees that he does not wish to withdraw his plea.
>
> 4.     The [Petitioner] waives any right to contest his conviction in any appeal or post-conviction action on grounds related to Rehaif. This waiver precludes the [Petitioner] from asserting any claims related to Rehaif, including but not limited to claims of error in the indictment or other charging instrument and claims of error in the court's acceptance of his plea.

---

being an habitual felon must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place." N.C.G.S. § 14-7.3.

[Id. at 1-2].

Petitioner was sentenced on October 8, 2019. Adopting the PSR, the Court sentenced Petitioner to a term of imprisonment of 120 months on Count One. [CR Doc. 21 at 2: Judgment; CR Doc. 22 at 1: Statement of Reasons]. Judgment on Petitioner's conviction was entered the same day. [CR Doc. 21]. Petitioner did not directly appeal his conviction or sentence.

Petitioner timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. [CV Doc. 1]. The Court ordered Petitioner to file an amended petition for Petitioner's failure to sign his motion under penalty of perjury. [CV Doc. 2]. Petitioner complied and his amended motion to vacate under § 2255 is now before the Court. [CV Doc. 3]. Petitioner claims ineffective assistance of counsel, stating that "[c]ounsel failed to inform Mr. White of all elements of 922(g) charge before entering into plea. As the Supreme Court made clear in it's ruleing in Rehaif No. 17-9560 Decided June 21 2019."[3] [Id. at 4 (errors uncorrected)]. For relief, Petitioner asks the Court to vacate his conviction under § 922(g) and to dismiss the Indictment. [Id. at 12].

The Court ordered the Government to respond to Petitioner's motion [CV Doc. 4], and the Government moved to dismiss it [CV Doc. 6]. Petitioner responded [CV Doc. 8] and has since filed a motion to amend in which Petitioner merely states, "Gary vs. United States [4th Circuit]." [CV Doc. 9].

This matter is ripe for adjudication.

## II.    STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

---

[3] In his original motion to vacate, Petitioner also claimed that the federal government lacked subject matter jurisdiction to convict him under § 922(g). [CV Doc. 1 at 5]. Even if Petitioner had asserted this claim in his amended motion, it is without merit. There is no question this Court had jurisdiction to convict Petitioner on this charge. See 18 U.S.C. § 3231.

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Petitioner's motion for relief under § 2255 fails for several reasons.  Petitioner's claim is conclusory and is insufficient as a matter of law.  See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations).  It neither explains which elements counsel purportedly failed to inform Petitioner about nor explains how counsel's alleged omission would have placed her performance "outside the wide range of professionally competent assistance."  Strickland v. Washington, 466 U.S. 668, 690 (1984) (defendant alleging ineffective assistance of counsel "must identify the acts or omissions" alleged to be deficient).  Moreover, Petitioner fails to allege that had he received different advice, "he would not have pleaded guilty and would have insisted on going to trial." United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366 (1985)).  Rather, Petitioner asks that his conviction be vacated all together.

Also, Petitioner explicitly waived in writing any Rehaif claim in the Waiver the parties filed before Petitioner's sentencing.  A waiver is the intentional relinquishment or abandonment of a known right.  United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014).  It occurs when a party "identifies an issue" and then explicitly declines to pursue it.  Id.  In the Waiver, Petitioner acknowledged having "discussed the Rehaif decision with his attorney" and elected to stand by his guilty plea.  [CR Doc. 20 at 1].  Petitioner admitted that at the time he committed the § 922(g) offense to which he pleaded guilty that he knew of his prohibited status.  [Id. at ¶ 1].  Petitioner

affirmed that he entered his guilty plea to the § 922(g) offense "knowingly, intelligently, and voluntarily." [Id. at ¶ 2]. Most importantly, Petitioner waived "any right to contest his conviction in any appeal or post-conviction action on grounds related to *Rehaif*." [Id. at ¶ 4]. There is simply no room for Petitioner to maintain his current claim under Rehaif. He knowingly abandoned any right thereto and it will be dismissed. See Robinson, 744 F.3d at 298.

In sum, Petitioner's Rehaif claim is conclusory, insufficient as a matter of law, and has been waived. It will be dismissed.

The Petitioner's motion to amend is granted insofar as the Court is aware of the decision in United States v. Gary, 954 F.3d 194 (4th Cir. 2020), petition for cert. granted, 141 S. Ct. 974 (2021), and recognizes it has no impact on the Court's decision here.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition and grants the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 3] is **DENIED** and **DISMISSED**.

2.  The Government's Motion to Dismiss [Doc. 6] is **GRANTED**.

3.  The Petitioner's Motion to Amend [Doc. 9] is **GRANTED** in accordance with the terms of this Order.

4.  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is

denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the

denial of a constitutional right).

Signed: May 12, 2021

Kenneth D. Bell
United States District Judge